DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Orlando Knight, appeals from the decision of the Lorain County Court of Common Pleas, which found him guilty of gross sexual imposition. This Court affirms.
 I. {¶ 2} On May 2, 2001, Detective Rebecca Hall of the Elyria Police Department was assigned to investigate a complaint of sex abuse involving the victim, H.H., and appellant. It was determined that the incident took place in the spring of 1998. The victim claimed that appellant touched her vaginal area when the two were alone in his car outside her home. The victim testified that she told her mother as soon as the incident occurred and her father at a later time. No action was taken until the victim told her aunt in May of 2001. The victim's aunt took her to the Elyria Police Department where she spoke with Detective Hall. Detective Hall conducted an investigation into the matter.
 {¶ 3} On February 13, 2002, appellant was indicted by the Lorain County Grand Jury on one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4). Appellant pled not guilty, and the matter proceeded to a jury trial. The jury found appellant guilty of gross sexual imposition, and the trial court adjudicated appellant a sexual predator.
 {¶ 4} Appellant timely appealed, setting forth seven assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"Orlando Knight's right to a fair trial guaranteed by the due process provisions of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution were violated by the misconduct of the prosecutor."
 {¶ 5} In his first assignment of error, appellant argues that his right to a fair trial was violated by prosecutorial misconduct. Specifically, appellant alleges that the assistant prosecutor improperly commented on the victim's veracity and the appellant's lack of veracity during the State's closing argument and that such misconduct resulted in appellant being denied his constitutional right to a fair trial. This Court disagrees.
 {¶ 6} The Supreme Court of Ohio has limited the instances when a judgment may be reversed on grounds of prosecutorial misconduct. See State v. Lott (1990), 51 Ohio St.3d 160, 166. The analysis of cases alleging prosecutorial misconduct focuses on the fairness of the trial and not the culpability of the prosecutor. Id. A reviewing court is to consider the trial record as a whole, and is to ignore harmless errors "including most constitutional violations." Id, quoting United States v.Hasting (1983), 461 U.S. 499, 508-509, certiorari denied (1985),469 U.S. 1218. Accordingly, a judgment may only be reversed for prosecutorial misconduct when the improper conduct deprives the defendant of a fair trial. State v. Carter (1995),72 Ohio St.3d 545, 557.
 {¶ 7} "In deciding whether a prosecutor's conduct rises to the level of prosecutorial misconduct, a reviewing court must determine if the remarks were improper, and, if so, whether they actually prejudiced the substantial rights of the defendant."State v. Overholt, 9th Dist. No. 02CA0108-M, 2003-Ohio-3500, at ¶ 47, discretionary appeal not allowed by State v. Overholt,100 Ohio St.3d 1472, 2003-Ohio-5772, citing State v. Smith
(1984), 14 Ohio St.3d 13, 14. "Isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." State v. Hill (1996), 75 Ohio St.3d 195, 204, citingDonnelly v. DeChristoforo (1974), 416 U.S. 637, 647,40 L.Ed.2d 431. Furthermore, the appellant must show that there is a reasonable probability that but for the prosecutor's misconduct; the result of the proceeding would have been different. State v.Loza (1994), 71 Ohio St.3d 61, 78.
 {¶ 8} In the case sub judice, appellant alleges that during the State's closing argument, the assistant prosecutor inappropriately commented on appellant's truthfulness and attempted to bolster the victim's truthfulness. During the closing argument, the assistant prosecutor stated that the victim was not lying fourteen times. The assistant prosecutor also made remarks regarding appellant's credibility.
 {¶ 9} In State v. Rahman (1986), 23 Ohio St.3d 146, 154, the appellant alleged prosecutorial misconduct based on the prosecutor's characterization of appellant in closing argument as a "`hypocrite'" and "`the biggest liar that's taken the stand in a long time.'" Appellant's trial counsel did not object to these remarks. In Rahman, the Supreme Court of Ohio stated, in relevant part:
"We first observe that the Code of Professional Responsibility as well as the American Bar Association's Standing Committee on Association Standards for Criminal Justice directly forbid comments by an attorney or prosecutor which express his personal opinion as to the credibility of a witness. * * * In the leading case of Berger v. United States (1935), 295 U.S. 78, 88, the high court recognized that a prosecutor plays a special role as `the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.'
"This court has, however, also granted prosecutors wide latitude in closing argument. State v. Maurer, supra, at 260. The effect of any prosecutorial misconduct `"`must be considered in the light of the whole case.'"' Id. at 266. We must also remember that `"`[i]f every remark made by counsel outside of the testimony were grounds for a reversal, comparatively few verdicts would stand, since in the ardor of advocacy, and in the excitement of trial, even the most experienced of counsel are occasionally carried away by this temptation.'"' Id. at 267, quoting Dunlop v. United States (1897), 165 U.S. 486, 498. Thus, while the prosecutor's remarks in the case sub judice
were improper, we do not consider these remarks standing alone to have risen to the level of plain error requiring reversal." (Emphasis sic.) Rahman, 23 Ohio St.3d at 154-155.
 {¶ 10} In the present case, this Court finds that the remarks made by the assistant prosecutor were improper. However, as inRahman, the appellant's trial counsel in the present case did not object to the remarks made by the assistant prosecutor in closing argument. Thus, in the absence of plain error affecting substantial rights, this Court need not consider this proposition of law as appellant has waived this argument on appeal. Appellant does not argue plain error on appeal; therefore, this Court will not address whether the admission of the evidence constituted plain error. See State v. Ramos, 9th Dist. No. 21286, 2003-Ohio-2637, at ¶ 7.
 SECOND ASSIGNMENT OF ERROR
"The trial court committed prejudicial error when it permitted irrelevant testimony to be presented about statements made by appellant during another investigation."
 THIRD ASSIGNMENT OF ERROR
"The trial court erred in permitting detective hall to testify about her opinion that appellant was a liar based upon a statement he had made during another investigation; such testimony was in violation of evidence rule 404(b)."
 {¶ 11} Appellant's second and third assignments of error pertain to the testimony of Detective Hall. Therefore, they have been combined to facilitate review. Appellant contends in his second assignment of error that the trial court erred by permitting Detective Hall to testify regarding statements made by appellant during the course of another investigation that Detective Hall was also investigating. In his third assignment of error, appellant argues that the trial court abused its discretion in allowing Detective Rebecca Hall to testify as to her opinion that appellant was a liar based upon a statement appellant made during a previous, unrelated investigation.
 {¶ 12} Appellant did object to portions of Detective Hall's testimony. However, a review of the record shows that appellant did not object to any of the testimony which he now argues should have been excluded by the trial court. This Court has repeatedly held that the failure to object to the admission or exclusion of evidence waives any claim of error on appeal. See, e.g., Statev. Pasters (May 15, 1991), 9th Dist. No. 90 CA004898; State v.Shorvanek (June 27, 1990), 9th Dist. No. 2545; Akron v.Simpson (July 6, 1988), 9th Dist. No. 13383.
 {¶ 13} Accordingly, appellant's second and third assignments are overruled.
 FOURTH ASSIGNMENT OF ERROR
"The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 FIFTH ASSIGNMENT OF ERROR
"The trial court erred in determining that the appellant was a sexual predator without considering or placing upon the record any of the relevant factors codified at R.C. 2950.09(b)(2)."
 {¶ 14} Appellant's fourth and fifth assignments of error have been combined for purposes of discussion because they both deal with the trial court's determination that appellant should be adjudicated a sexual predator. Specifically, appellant asserts that there was not clear and convincing evidence that he was a sexual predator. Additionally, appellant asserts that the trial court did not consider the factors set forth in R.C.2950.09(B)(2). This Court finds appellant's fourth and fifth assignments of error to be without merit.
 {¶ 15} In discussing the appropriate standard of review to be applied in sexual predator adjudications, this Court stated:
"The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard. That is, a sexual predator adjudication will not be reversed if there is `some competent, credible evidence' to support the trial court's determination. See State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41 ("We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence." (Citations omitted.)); State v. Gibson, 4th Dist. No. 01 CA19, 2002-Ohio-5232, ¶ 9.
"* * *
"In sum, when applying the clearly erroneous standard of review to sexual predator adjudications, this Court must determine whether there exists some competent, credible evidence in the record that would clearly and convincingly support a conclusion that a defendant is likely to commit another sexual offense."State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6 and ¶ 10, appeal denied by State v. Unrue, 98 Ohio St.3d 1540,2003-Ohio-1946.
 {¶ 16} Prior to the sentencing hearing, the trial court held a sexual classification hearing pursuant to R.C. 2950.09(B). In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender was convicted of or pled guilty to a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). In determining whether the offender is likely to engage in one or more sexually oriented offenses in the future, R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors, including, but not limited to, the following:
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender[;]
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed * * * displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 17} Although the trial court must consider these factors in reaching its decision, the trial court retains discretion to determine what weight, if any, each factor will be assigned.State v. Thompson (2001), 92 Ohio St.3d 584, 2001-Ohio-1288, paragraph one of the syllabus. In addition, the trial court may consider other evidence pertinent to determining the likelihood of recidivism, although the evidence is not expressly enumerated in R.C. 2950.09(B)(3). Id.
 {¶ 18} In the case sub judice, appellant does not dispute that he was convicted of a sexually oriented offense. See R.C.2950.01(D)(1). Rather, he contends that the trial court's decision was not supported by the evidence with regard to whether he was likely to engage in one or more sexually oriented offenses in the future.
 {¶ 19} A review of the record shows that the trial court considered the relevant factors in determining that appellant was likely to engage in one or more sexually oriented offenses in the future. The trial court noted on the record that at the time of the incident in question, appellant was out on bond in another case in which he was convicted of attempted rape. The fact that appellant had a prior conviction of a similar nature as the conviction in the present case shows a pattern of repeated conduct. A review of the record makes it clear that the appellant has a problem controlling his sexual impulses. The record also reveals that the trial court considered the age of the victim. InState v. Remines (June 23, 1999), 9th Dist. No. 97CA006903, this Court held that the "tender age of the victim may be considered inherently indicative of a strong likelihood to re-offend[.]" In this case, the victim was approximately nine years old when the incident occurred.
 {¶ 20} Therefore, this Court finds that the trial court relied upon competent, credible evidence that clearly and convincingly supported its conclusion that appellant would likely commit a sexually oriented offense in the future. Accordingly, appellant was properly adjudicated a sexual predator pursuant to R.C. 2950.09. Appellant's fourth and fifth assignments of error are overruled.
 SIXTH ASSIGNMENT OF ERROR
"Appellant's rights under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution were violated and he was improperly denied A Crim.R. 29 acquittal when the conviction was not supported by sufficient evidence."
 SEVENTH ASSIGNMENT OF ERROR
"The verdict finding orlando knight guilty was against the manifest weight of the evidence because there was no substantial evidence upon which a trier of fact could reasonably conclude that the elements of the offenses had been proven beyond a reasonable doubt."
 {¶ 21} For the reasons set forth below, appellant's sixth and seventh assignments of error have been combined to facilitate review. In his sixth and seventh assignments of error, appellant challenges the adequacy of the evidence produced at his trial. Specifically, appellant argues that his conviction for gross sexual imposition was against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Appellant's sixth and seventh assignments of error lack merit.
 {¶ 22} As a preliminary matter, this Court notes that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 23} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 24} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 25} In the present case, appellant was convicted of gross sexual imposition, in violation of R.C. 2907.05(A)(4), which provides: "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 26} The victim testified on behalf of the State. The victim testified that at the time of the incident, she believed that she was eight years old.[1] The victim testified that when she returned home from school on the date of the incident, appellant told her that she needed to go out to the car with him to get a tape. Additionally, the victim testified that she sat on the passenger side of the vehicle and appellant was on the driver's side. The victim testified that as she was questioning appellant about a song on the tape, appellant touched her private area. The victim testified that she told him to stop, got out of the car, and ran into her house and told her mother what had happened. The victim testified that her mother told her not to tell her father, but that at a later date she did tell her father.
 {¶ 27} Robert Haupt, the victim's father, also testified on behalf of the state. Mr. Haupt testified that appellant was the son of his wife's caretaker, Ruby, and that appellant would come over to his home from time to time. Mr. Haupt further testified that he was aware that the victim had told her mother about the incident before she told him. Mr. Haupt testified that after the victim told him about the incident he called his attorney and reported the incident and believed that the matter was being processed by the Elyria Police Department.
 {¶ 28} The defense chose not to call any witnesses.
 {¶ 29} After reviewing the record, this Court finds no indication that the jury lost its way and committed a manifest miscarriage of justice in convicting appellant of gross sexual imposition. As this Court has determined that appellant's conviction was not against the manifest weight of the evidence, we necessarily conclude that there was sufficient evidence to support the verdict in this case. Appellant's sixth and seventh assignments of error are overruled.
 III. {¶ 30} Appellant's seven assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, P.J. and Whitmore, J. concur.
[1] Although the victim was unsure as to the exact date the incident occurred, a review of the record reveals that the victim was definitely under the age of thirteen when the incident occurred.