DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant John Fallon has appealed from his convictions in the Summit County Court of Common Pleas for felonious assault, criminal trespass, and obstructing official business. This Court affirms.
 I {¶ 2} On August 2, 2005, Defendant-Appellant John Fallon was indicted in the Summit County Court of Common Pleas on one count of criminal trespass, in violation of R.C. 2911.21(A)(1), a misdemeanor of the fourth degree; one count of felonious assault, in violation of R.C.2903.11(A)(1), a felony of the second degree; and one count of obstructing official business, in violation of R.C. *Page 2 2921.31(A), a misdemeanor of the second degree. On August 3, 2005, Appellant pled not guilty to the charges in the indictment. A jury trial commenced on October 13, 2005 and the jury returned guilty verdicts on all counts. On October 31, 2005, Appellant was sentenced to three years incarceration on the felonious assault conviction, thirty days incarceration on the criminal trespass conviction, and ninety days incarceration on the obstructing official business conviction. The trial court ordered the sentences to be served concurrently.
 {¶ 3} Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED WHEN IT INSTRUCTED THE JURY THAT IT COULD NOT CONSIDER A LESSER INCLUDED OFFENSE UNTIL AFTER THE JURY HAD FOUND THE APPELLANT NOT GUILTY OF THE GREAT [SIC] OFFENSE."
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court erred in instructing the jury. Specifically, Appellant has argued that the trial court improperly instructed the jury to that it must unanimously acquit Appellant on the greater offense before considering the lesser included offense.
 {¶ 5} A thorough review of the record reveals that Appellant did not object to the challenged jury instruction when it was given. Appellant's failure to preserve the error by objecting to the jury instructions waives all challenges except plain error. State v. Skatzes,104 Ohio St.3d 195, 2004-Ohio-6391, at ¶ 52, citing *Page 3 State v. Underwood (1983), 3 Ohio St.3d 12, syllabus. Further, Appellant has not argued plain error on appeal. Therefore, this Court will not address whether the jury instruction constituted plain error. See State v. Knight, 9th Dist. No. 03CA008239, 2004-Ohio-1227, at ¶ 10.
 {¶ 6} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two "THE CONVICTIONS SHOULD BE REVERSED BECAUSE THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BECAUSE THE EVIDENCE SUPPORTING THEM WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CONVICTION BEYOND A REASONABLE DOUBT IN VIOLATION OF THE UNITED STATES CONSTITUTION."
 {¶ 7} In his second assignment of error, Appellant has argued that his convictions were against the manifest weight of the evidence and were based upon insufficient evidence.[1] This Court disagrees.
 {¶ 8} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has *Page 4 
met its burden of persuasion." Id., citing State v. Thompkins (1997),78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259,279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
 "[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 9} In determining whether a conviction is against the manifest weight of the evidence an appellate court: *Page 5 
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court.Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172,175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 10} Appellant was convicted of felonious assault, in violation of R.C. 2903.11(A)(1), which provides in pertinent part that "[n]o person shall knowingly * * * [c]ause serious physical harm to another[.]"
 {¶ 11} The State presented the testimony of eight witnesses. Christopher Richardson, an eyewitness to the altercation, testified as follows. At approximately 11:00 pm on July 22, 2005, he was outside of his house and *Page 6 
observed the victim, Bradley Marsh, trying to get home and Appellant trying to stop him. He observed Bradley swing a bag with two beers in it, losing one of the cans in the process. He did not see the bag, the can or Bradley's arm make contact with Appellant. After Bradley swung the bag, the pair continued to argue and crossed the street into a well lit parking lot where Appellant hit Bradley once with his hand.
 {¶ 12} Sharlaina Marsh, Bradley's mother, testified as follows. Bradley did not live with her, but visited often and liked to walk from his house. On the day of the attack, Bradley first went to her neighbor's door and was bleeding profusely from his nose, mouth and head. He told her that he could not breathe.
 {¶ 13} The State produced the testimony of emergency personnel on the scene on July 22, 2005. Jeffery White, a first responder with the Akron Fire Department, testified as follows. On the day of the attack, he examined Bradley. Bradley exhibited a bloody face, mouth and nose and was disfigured by facial swelling. In his experience, Bradley's injuries were too severe to have been caused by one punch to the face. However, Bradley's injuries could have been caused by falling to the pavement after being punched in the face.
 {¶ 14} Donald Schismenos, an Akron Police officer, testified as follows. As part of his duty to patrol AMHA properties, he has been given authority to ban individuals from the property and to arrest them for criminal trespass should they *Page 7 
ignore the ban. On July 20, 2005, he arrested Appellant for being on property from which he had been barred.
 {¶ 15} Michael Rinn, an Akron Police officer, testified as follows. On July 22, 2005, at approximately 11:00 p.m., he responded to a fight with injuries call on Eller Avenue. He observed that Bradley, who appeared to be intoxicated, was bleeding profusely from the face. He observed and photographed a blood trail leading from the parking lot to Bradley's mother's house. He obtained a description of the suspect and located an individual matching the description, namely, Appellant. As he approached, Appellant fled, but was eventually apprehended. Appellant had been banned from AMHA properties and had fled from Officer Rinn just the night before.
 {¶ 16} Sergeant Christopher Brewer of the Akron Police Department testified as follows. On July 22, 2005, he received a call that Officer Rinn was pursuing Appellant on foot. He located Appellant and approached him, whereupon Appellant fled. After a short chase, he discovered Appellant hiding in a culvert.
 {¶ 17} The State also produced the testimony of medical personnel involved in Bradley's case. Dr. Harold White, a radiologist at Akron General Medical Center, testified as follows. He generated reports from CAT scans taken of Bradley on the night of the attack. The CAT scan indicated that Bradley had multiple facial fractures involving the nasal bones, orbital bones and bones of the *Page 8 
maxillary sinuses. It would require a considerable direct force to create the fractures indicated on Bradley's CAT scan. Bradley's sinus cavity, normally clear, was filled with other material, which in a trauma setting, is usually blood.
 {¶ 18} Appellant testified on his own behalf. At approximately 11:00 p.m. on July 22, 2005, Bradley walked past him carrying a bag and mumbling. When Appellant approached him, Bradley told him to watch out for the cops. Bradley appeared impaired and looked at him with a crazy look and then swung the bag at him. He dodged the bag and punched Bradley, who stumbled and fell. At that point, Bradley threatened to "get" his kids. He then followed Bradley because of the threat he made. He was intoxicated as well, and in phone conversations from jail, he told friends that he did not remember the incident.
 {¶ 19} At trial and on appeal, Appellant has argued that he established the defense of self-defense by a preponderance of the evidence. Regarding self-defense, this Court has held:
 "A defendant who asserts the affirmative defense of self-defense has the burden of proving the matter by a preponderance of the evidence. In order for a defendant to establish self-defense, he must prove the following elements: (1) the defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the defendant must not have violated any duty to retreat or avoid the danger. A person has no duty to retreat when he is in his own home." (Internal quotations and citations omitted). State v. Tucker, 9th Dist. No. 06CA0035-M, 2006-Ohio-6914, at ¶ 4. *Page 9 
This Court notes that "[f]ailure to prove any of the three elements of self-defense by a preponderance of the evidence is fatal." State v.Rust, 9th Dist. No. 23165, 2007-Ohio-50, at ¶ 13.
 {¶ 20} Here, Appellant failed to establish self-defense because he did not prove by a preponderance of the evidence that he was not the instigator and that he believed he was in imminent danger of bodily harm. Christopher Richardson testified that Appellant was harassing Bradley and impeding him. Richardson testified that it appeared Bradley was trying to get away from Appellant. Richardson also testified that Appellant hit Bradley after Bradley had swung the bag and the pair had crossed the street. To the contrary, Appellant testified that he hit Bradley immediately after avoiding the bag. When faced with conflicting evidence, the credibility of the witnesses is a matter for the jury. SeeState v. Lakin (Apr. 12, 2000), 9th Dist. No. 98CA007063, at *4. Therefore, it was within the jury's purview to believe testimony that the assault occurred at some point in time after the "threat" had passed and Appellant could no longer reasonably be in fear of injury.
 {¶ 21} Further, Appellant failed to establish by a preponderance of the evidence that he was not responsible for the situation leading to the altercation. As such, this Court cannot say that it disagrees with the jury's conclusion that Appellant had failed to establish the affirmative defense of self-defense. *Page 10 
 {¶ 22} Based on the foregoing, and after careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this Court cannot conclude that the jury clearly lost its way when it found Appellant guilty of felonious assault. The jury was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. SeeState v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Appellant's conviction was not against the manifest weight because the jury chose to believe the testimony of the State's witnesses over that of Appellant. State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at *2. Moreover, flight, concealment and resisting arrest are all evidence of consciousness of guilt. State v. Harris, 9th Dist. No. 22466, 2005-Ohio-4935, at ¶ 17, citing State v. Williams (1997),79 Ohio St.3d 1, 11. It is undisputed that Appellant fled from Akron police officers and attempted to avoid apprehension by hiding in a culvert. Appellant's actions substantially corroborate the testimony linking him to the assault of Bradley.
 {¶ 23} As stated above, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." Roberts, supra at *2. Accordingly, having found that Appellant's convictions were not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence.
 {¶ 24} Accordingly, Appellant's second assignment of error lacks merit. *Page 11 
 III {¶ 25} Appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 12 
CARR, J. MOORE, J. CONCUR
[1] Appellant has seemingly argued that solely his conviction of felonious assault was against the manifest weight of the evidence and was based on insufficient evidence. This Court can find no indication in Appellant's brief of a challenge to his convictions for criminal trespass or obstructing official business. *Page 1