{¶ 38} I respectfully dissent and would overrule Defendant's third assignment of error, which alleges prosecutorial misconduct based on the prosecutor's result-oriented plea deal offered to co-defendant Smith.
 {¶ 39} First, I would decline to review the matter for plain error because "Defendant `does not argue plain error on appeal; therefore, this Court will not address whether the admission of the evidence constituted plain error.'" State v. Travis, 9th Dist. No. 07CA0035-M,2008-Ohio-723, at ¶ 27, quoting State v. *Page 19 Knight, 9th Dist. No. 03CA008239, 2004-Ohio-1227, at ¶ 10, citingState v. Ramos, 9th Dist. No. 21286, 2003-Ohio-2637, at ¶ 7. Nor do I agree, as the majority states, that Defendant has demonstrated why we should review this matter for plain error sua sponte.
 {¶ 40} Moreover, even if we review this matter for plain error, I disagree with majority that Defendant was deprived of a fair trial because the results of the trial could have been different but for the prosecutor's promise to Smith of a reduced sentence if Defendant was convicted. I concede that there is the potential for prejudice where results-oriented deals are made to co-defendants; however, I find the potential for prejudice, under the facts of this case, does not demonstrate that there is a reasonable probability that but for the prosecutor's misconduct, the result of the proceeding would have been different as required under Loza.
 {¶ 41} Smith was subject to significant cross-examination as to his testimony against Defendant and the deal he made with the State. Smith admitted he received a deal from the State. I would hold that it was up to the jury to determine the credibility of Smith and to decide whether to believe his testimony. The Ohio Supreme Court has held that:
 "`[T]he testimony of a witness is not rendered inadmissible merely because he expects or has been promised immunity from prosecution, a lesser penalty, or dismissal of a pending charge.' State v. Wolery (1976), 46 Ohio St.2d 316, 323, citing Caton v. United States (C.A.8 1969), 407 F.2d 367, 371. The jury may consider the promise of leniency offered by the State in exchange for testimony when the jury considers the credibility of the witness. Id. *Page 20 
at 319-320." (Alteration in original.) State v. Higgins, 9th Dist. No. 23271, 2007-Ohio-1261, at ¶ 21.
Finally, to the extent any of the non-binding cases cited by the majority are helpful to our analysis of the facts of this case, I would decline to follow them. To do so would viscerate prosecutorial discretion. Since sentencing is ultimately within the powers of the Court, I fail to see how the exercise of prosecutorial discretion rises to the level of misconduct. *Page 1