DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, W.H., appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, which classified him as a habitual sex offender, as well as a Tier I sex offender. This Court affirms, in part, and reverses, in part.
 I. {¶ 2} On October 4, 2004, three complaints were filed in the juvenile court, alleging W.H. to be a delinquent child by reason of one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree if committed by an adult; one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree if committed by an adult; and one count of attempted sexual imposition in violation of R.C. 2907.06(A)(4), a misdemeanor of the second degree if committed by an adult. On November 30, 2004, the juvenile admitted to an amended count of attempted gross sexual imposition in violation of R.C. 2923.02/2907.05, a felony of the fourth degree if committed by an adult; and to an amended count of burglary in *Page 2 
violation of R.C. 2911.12, a felony of the fourth degree if committed by an adult. The State dismissed the charge of attempted sexual imposition. On January 13, 2005, the trial court imposed disposition, committing the juvenile to the legal custody of the Ohio Department of Youth Services ("DYS") for a minimum of six months and a maximum term up to his twenty-first birthday.
 {¶ 3} On September 24, 2007, immediately prior to the juvenile's release from DYS, the juvenile court held a sex offender classification hearing. The juvenile court classified W.H. both as a habitual sex offender pursuant to R.C. Chapter 2950 then in effect, and as a Tier I sex offender pursuant to R.C. Chapter 2950 as it would be in effect as of January 1, 2008 (the "Adam Walsh Act"). As a habitual sex offender, the juvenile would be required to register for a period of 20 years, while he would be required to register for a period of 10 years as a Tier I offender. W.H. timely appeals, setting forth four assignments of error for review. This Court consolidates some assignments of error to facilitate review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED TO THE PREJUDICE OF [W.H] IN CONDUCTING A POST-DISPOSITIONAL SEXUAL CLASSIFICATION HEARING CONTRARY TO THE EXPRESS STATUTORY MANDATE OF R.C. 2152.82."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED TO THE PREJUDICE OF [W.H] IN DETERMINING THAT [W.H] WAS A HABITUAL SEXUAL OFFENDER THIRTY TWO MONTHS AFTER [W.H.'S] DISPOSITION/SENTENCING HEARING CONTRARY TO THE EXPRESS STATUTORY MANDATE OF R.C. 2950.09(E)."
 {¶ 4} W.H. argues that the juvenile court had no authority to classify him after his dispositional hearing. Specifically, he argues that the juvenile court must have classified him as *Page 3 
part of the dispositional order pursuant to R.C. 2152.82, and prior to disposition pursuant to R.C. 2950.09(E). Because the juvenile court classified him 32 months after his dispositional hearing, W.H. argues that his classification is void and must be vacated. This Court disagrees.
 {¶ 5} The juvenile concedes that he did not raise the timeliness of his classification before the juvenile court. This Court has long held that "an appellate court will not consider as error any issue a party was aware of but failed to bring to the trial court's attention" at a time when the trial court might have corrected the error. State v.Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6. "[Forfeiture is a failure to preserve an objection[.] * * * [A] mere forfeiture does not extinguish a claim of plain error under Crim. R. 52(B)." (Internal citations omitted.) State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 23. By failing to raise the issue below, the juvenile has forfeited his objection to the timeliness of his classification. See State v.Velez, 9th Dist. No. 06CA008997, 2007-Ohio-5122, at ¶ 12. Further, as the juvenile has failed to argue plain error on appeal, this Court will not consider whether the timing of his classification constituted plain error. See State v. Knight, 9th Dist. No. 03CA008239, 2004-Ohio-1227, at ¶ 10. W.H.'s first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT'S CLASSIFICATION OF [W.H] AS A `HABITUAL SEXUAL OFFENDER' WAS CONTRARY TO LAW, AGAINST THE MANIFEST WIEGHT (sic) OF THE EVIDENCE AND/OR CONSTITUTED AN ABUSE OF DISCRETION AS THERE WAS NO ESTABLISHED PREDICATE SEXUALLY ORIENTED OFFENSE."
 {¶ 6} W.H. argues that the trial court erred by classifying him as a habitual sex offender under the then-current law because there was no evidence of any requisite predicate sexually oriented offense. This Court agrees. *Page 4 
 {¶ 7} As a preliminary matter, the State asserts that the juvenile failed to raise a specific objection at the classification hearing that his previous adjudication as a delinquent child by reason of sexual imposition did not constitute a requisite predicate offense. A review of the record indicates that W.H. so objected and, therefore, properly preserved the issue for review on appeal.
 {¶ 8} The Ohio Supreme Court has held:
 "Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent, credible evidence." State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus.
Of course, "[a] finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility or witnesses and evidence is not." Id. at ¶ 24, quoting Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 81.
 {¶ 9} In this case, the juvenile court classified W.H. as a habitual sex offender based on his prior adjudication on January 22, 2004, as a delinquent child by reason of sexual imposition in violation of R.C. 2907.06.
 {¶ 10} Pursuant to the law in effect at the time of the juvenile's classification hearing, a "habitual sex offender" was defined, in relevant part, as:
"a person to whom both of the following apply:
 "(1) * * * [T]he person is adjudicated a delinquent child for committing on or after January 1, 2002, a sexually oriented offense that is not a registration-exempt sexually oriented offense, was fourteen years of age or older at the time of committing the offense, and is classified a juvenile sex offender registrant based on that adjudication.
 "(2) One of the following applies to the person: *Page 5 
 "(a) Regarding a person who is an offender, the person * * * previously was adjudicated a delinquent child for committing one or more sexually oriented offenses or child-victim oriented offenses and was classified a juvenile offender registrant * * * based on one or more of those adjudications, regardless of when the offense was committed and regardless of the person's age at the time of committing the offense.
 "(b) Regarding a delinquent child, the person previously was convicted of, pleaded guilty to, or was adjudicated a delinquent child for committing one or more sexually oriented offenses or child-victim offenses, regardless of when the offense was committed and regardless of the person's age at the time of committing the offense." R.C. 2950.01(B).
 {¶ 11} The Ohio Supreme Court has recognized:
 "If a defendant has been convicted of a sexually oriented offense and the trial court determines that the offender is not a habitual sex offender or a sexual predator, then the designation of `sexually oriented offender' attaches as a matter of law." Wilson at ¶ 16, citing State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, at ¶ 18.
"A sexually oriented offender is a person who has committed a sexually oriented offense as defined in R.C. 2950.01(D)[.]" (Internal quotations omitted.) Wilson at ¶ 13.
 {¶ 12} Then-current R.C. 2950.01(D)(2)(b)(i) would have provided the only basis for the juvenile court's finding that W.H.'s prior adjudication for sexual imposition constituted the requisite predicate offense to substantiate the court's classification of the juvenile as a habitual sex offender. That provision defined "sexually oriented offense," in relevant part, as:
 "An act committed by a person under eighteen years of age that is * * * any of the following acts involving a minor in the circumstances specified: A violation of division (A)(4) of section 2905.01 or 2907.06 or 2907.08 of the Revised Code, when the victim of the violation is under eighteen years of age[.]"
 {¶ 13} The parties agreed that W.H. was charged with sexual imposition in violation of R.C. 2907.06(A)(4), which prohibits sexual contact with a person thirteen years of age or older but less than sixteen years of age. However, the child admitted to the offense as a result of plea *Page 6 
negotiations.[1] The judgment entry from the adjudication and disposition indicates only that the juvenile was adjudicated delinquent by reason of sexual imposition in violation of R.C. 2907.06, without identifying the specific subsection. Significantly, the State conceded at the classification hearing that the transcript of the juvenile's prior adjudicatory hearing indicates that no specific subsection of the offense was identified on the record. Furthermore, the State conceded that there was no mention of the age of the victim on the record at the juvenile's adjudicatory hearing regarding the prior sexual imposition charge. Accordingly, there was no evidence before the juvenile court that W.H. was adjudicated a delinquent child by reason of sexual imposition in violation of R.C. 2907.06(A)(4), the only subsection which could serve as the requisite predicate offense for the instant classification as a habitual sex offender. Under these circumstances, the juvenile court's finding that W.H. was a habitual sex offender was not supported by some competent, credible evidence. The juvenile's third assignment of error is sustained.
 ASSIGNMENT OF ERROR IV "R.C. 2950.01 ET SEQ., AS APPLIED TO PERSONS WHO COMMITTED THEIR SEXUALLY ORIENTED OFFENSES PRIOR TO JANUARY 1, 2008, IS UNCONSTITUTIONAL."
 {¶ 14} W.H. argues that his classification as a Tier I sex offender under the Adam Walsh Act, which went into effect on January 1, 2008, is unconstitutional because the juvenile's sexually oriented offenses were committed prior to the effective date of the Act. This Court finds the juvenile's argument not well taken.
 {¶ 15} Although the State asserts that the juvenile raises his specific arguments regarding *Page 7 
the constitutionality of the Adam Walsh Act for the first time on appeal, the record is clear that the juvenile preserved any constitutional challenge to the Act on the record at the classification hearing. Furthermore, the juvenile court expressly recognized his constitutional challenge in the final judgment entry. Accordingly, the juvenile has not forfeited the issue on appeal.
 {¶ 16} The juvenile's constitutional challenge in this case, however, is premature. The Ohio Supreme Court has held that "[t]he constitutionality of a state statute may not be brought into question by one who * * * has not been injured by its alleged unconstitutional provision." Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169, syllabus. The juvenile must be able to demonstrate a "[c]oncrete injury in fact[;]" a mere "hypothetical or potential injury" is not sufficient.State v. Spikes (1998), 129 Ohio App.3d 142, 145, citing State ex rel.Consumers League of Ohio v. Ratchford (1982), 8 Ohio App.3d 420, 424. See, also, State v. Holliday (June 23, 1999), 9th Dist. No. 97CA006931 (concluding in fn.1 that the defendant's due process challenge to former R.C. Chapter 2950, not in effect at the time of the commission of his offenses, was not ripe because the alleged violation had not yet occurred.) Consequently, a constitutional challenge to a classification prior to January 1, 2008, pursuant to the Adam Walsh Act amendments is premature. State v. Horch, 3d Dist. No. 14-07-47, 2008-Ohio-1484, at ¶ 8. Because the juvenile's classification hearing was conducted several months before the registration and classification provisions of the Adam Walsh Act became effective, his constitutional challenge is not ripe for review in this appeal. W.H.'s fourth assignment of error is overruled.
 III. {¶ 17} W.H.'s first, second and fourth assignments of error are overruled. His third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, *Page 8 
Juvenile Division, is affirmed, in part, reversed, in part, and the cause remanded for further proceedings consistent with this decision.
Judgment affirmed, in part, reversed, in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties.
SLABY, J. DICKINSON, J. CONCUR
[1] The juvenile had been charged with four offenses. The adjudication/disposition judgment entry indicates that he admitted to three offenses, while the fourth was dismissed. *Page 1