DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of two counts of gross sexual imposition, sentenced him to four years incarceration and classified him as a sexually oriented offender. *Page 2 
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "Revised Code 2950 et seq., as amended by SB 10 is unconstitutional."
 {¶ 4} At the time of appellant's sentencing and classification hearing on August 28, 2007, Senate Bill 10, which amends Ohio's sex offender classification and registration laws as set forth in R.C. Chapter 2950, was not yet in effect. The effective date of R.C. Chapter 2950 as amended was January 1, 2008. At appellant's hearing, both parties and the court expressed their understanding that the trial court was required to classify appellant under the original version of the law and that appellant would be reclassified at some future date. Appellant was classified as a sexually oriented offender without objection, although his counsel did state an objection to appellant's future reclassification under the new law.
 {¶ 5} In his sole assignment of error, appellant challenges the constitutionality of R.C. Chapter 2950 et seq. as amended by Senate Bill 10. Appellant states that under the new law, he "will be, or has been classified as a Tier II offender * * *." Appellant contends that R.C. 2950 as amended is unconstitutional for several reasons. He argues that it is punitive, violates the double jeopardy and ex post facto clauses because it adds to his penalty, constitutes an unconstitutional retroactive law, and violates the separation of powers doctrine because it interferes with previous judicial adjudications and encroaches on judicial authority.
 {¶ 6} The trial court's sentencing judgment entry in this case reflects that appellant was classified as a sexually oriented offender under the version of *Page 3 
R.C. Chapter 2950 in effect at that time. It is from that judgment that appellant appeals. As to appellant's constitutional arguments, Ohio appellate courts have declined to review the merits of constitutional challenges to S.B. 10 brought by offenders classified under the prior version of the law. As the Third Appellate District explained in State v.Horch, 3d Dist. No. 14-07-47, 2008-Ohio-1484, ¶ 8, "[A]t the time the trial court rendered its decision, portions of R.C. 2950.031 and2950.032 were not yet effective. Although we presume that Horch has received a notification from the Attorney General's office concerning his reclassification pursuant to R.C. 2950.031, for purposes of this appeal, Horch has not suffered any injury as a result of the new legislation. Therefore, the constitutional questions raised by Horch are premature." See, also, In re W.H., 9th Dist. No. 23936, 2008-Ohio-4337.
 {¶ 7} The Ohio Supreme Court has held that "* * * [t]he constitutionality of a state statute may not be brought into question by one who * * * has not been injured by its alleged unconstitutional provision." Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169, syllabus. Appellant must be able to demonstrate a "[c]oncrete injury in fact[;]" a mere "hypothetical or potential injury" is not sufficient.State v. Spikes (1998), 129 Ohio App.3d 142, 145, citing State ex rel.Consumers League of Ohio v. Ratchford (1982), 8 Ohio App.3d 420, 424.
 {¶ 8} First, we note that according to appellant's notice of appeal, he has appealed from the August 2007 judgment which classified him as a sexually oriented offender. The record reflects, however, that appellant agreed to that classification, and he does not *Page 4 
argue on appeal that the trial court erred thereby. Additionally, as to appellant's constitutional arguments, we find that there is nothing in the record before us to indicate that appellant has been reclassified under the new law, what his new classification might be, or what injury he may have suffered as a result. Accordingly, we find that the constitutional arguments presented by appellant are premature. Appellant's sole assignment of error is not well-taken.
 {¶ 9} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 5 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1