DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Corey Snyder ("Snyder"), appeals the judgment of the Summit County Court of Common Pleas which sentenced him to four years in prison and classified him as a sexually oriented offender.[1] This Court affirms.
 I. {¶ 2} Snyder was indicted on April 3, 2007, on one count of rape in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree; one count of sexual battery in violation of R.C. 2907.03(A)(2), a felony of the third degree; and one count of gross sexual imposition in violation of R.C. 2907.05(A)(5), a felony of the fourth degree. *Page 2 
 {¶ 3} On August 13, 2007, a supplemental indictment was filed charging Snyder with seven additional counts, including two additional counts of rape in violation of R.C. 2907.02(A)(1)(c), felonies of the first degree; one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a felony of the second degree; two additional counts of sexual battery in violation of R.C. 2907.03(A)(2), felonies of the third degree; and two additional counts of gross sexual imposition in violation of R.C. 2907.05(A)(5), felonies of the fourth degree.
 {¶ 4} On August 17, 2007, Snyder was arraigned and pleaded not guilty to all of the pending charges. On September 18, 2007, Snyder, pursuant to plea agreement, rescinded his prior not guilty plea and pleaded guilty to counts 4 and 5, rape, and count 6, illegal use of a minor in nudity-oriented material or performance. The trial court dismissed all of the remaining charges. On October 22, 2007, Snyder was sentenced to four years for the two counts of rape, and to two years for illegal use of a minor in nudity-oriented material or performance, all to be served concurrently. The trial court also found Snyder to be a sexually oriented offender and explained his obligations under such a designation under the then-current version of R.C. Chapter 2950. The trial court also informed Snyder that, due to the nature of the charges to which he pleaded guilty, he would be classified as a Tier III sex offender under the newly enacted "Adam Walsh Act" ("AWA") which was to become effective January 1, 2008, and explained how his registration duties would change under the new law. Snyder timely appeals raising nine assignments of error. This Court consolidates Snyder's assignments of error to facilitate review. *Page 3 
 II. ASSIGNMENT OF ERROR I "THE RETROACTIVE APPLICATION OF CHAPTER 2950, REVISED CODE, OHIO'S ADAM WALSH ACT (AWA), VIOLATES THE PROHIBITION AGAINST EX POST FACTOR [sic] LAWS AS PROVIDED IN ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION."
 ASSIGNMENT OF ERROR II "THE RETROACTIVE APPLICATION OF CHAPTER 2950, REVISED CODE, OHIO'S ADAM WALSH ACT (AWA), VIOLATES THE PROHIBITIONS AGAINST RETROACTIVE LAWS IN ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR III "RECLASSIFICATION OF APPELLANT CONSTITUTES A VIOLATION OF THE SEPARATION OF POWERS DOCTRINE."
 ASSIGNMENT OF ERROR IV "RECLASSIFICATION OF APPELLANT CONSTITUTES IMPERMISSIBLE MULTIPLE PUNISHMENT UNDER THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTION[S]."
 ASSIGNMENT OF ERROR V "THE RESIDENCY RESTRICTIONS OF CHAPTER 2950, REVISED CODE, OHIO'S ADAM WALSH ACT (AWA), VIOLATES DUE PROCESS."
 ASSIGNMENT OF ERROR VI "APPELLANT CANNOT BE SUBJECT TO THE COMMUNITY NOTIFICATION REQUIREMENTS UNDER CHAPTER 2950, REVISED CODE, OHIO'S ADAM WALSH ACT (AWA), BECAUSE HE WAS NOT SUBJECT TO COMMUNITY NOTIFICATION REQUIREMENTS UNDER PRE-AWA LAW."
 ASSIGNMENT OF ERROR VII "RECLASSIFICATION OF APPELLANT CONSTITUTES A BREACH OF CONTRACT AND A VIOLATION OF THE RIGHT TO CONTRACT UNDER THE OHIO AND UNITED STATES CONSTITUTES [sic]." *Page 4 
 ASSIGNMENT OF ERROR VIII "APPELLANT WAS INCORRECTLY CLASSIFIED AS A TIER III OFFENDER INSTEAD OF A TIER II OFFENDER AS A RESULT OF HIS PLEA OF GUILTY TO ILLEGAL USE OF A MINOR IN A NUDITY-OREINTED MATERIAL OR PERFORMANCE."
 ASSIGNMENT OF ERROR IX "APPELLANT CANNOT BE SUBJECTED TO THE REGISTRATION REQUIREMENTS OF CHAPTER 2950, REVISED CODE, OHIO'S ADAM WALSH ACT (AWA), BECAUSE THE ACT SWEEPS WITHIN ITS MANDATE INDIVIDUALS REGARDLESS OF THEIR CURRENT RISK OF RECIDIVISM AND APPELLANT PRESENTS NO SUCH RISK."
 {¶ 5} Snyder sets forth multiple claims alleging that the AWA violates the Ohio Constitution, the United States Constitution, or both, and also challenges the trial court's application of the AWA to the circumstances of his situation. However, because the AWA was not yet in effect at the time of his classification, Snyder's arguments are premature.
 {¶ 6} As this Court recognized in In re W.H., 9th Dist. No. 23936,2008-Ohio-4337, at ¶ 16, "[t]he Ohio Supreme Court has held that `[t]he constitutionality of a state statute may not be brought into question by one who * * * has not been injured by its alleged unconstitutional provision.' Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169, syllabus." Furthermore, in order to demonstrate such an injury, a concrete injury in fact must be established, and "a hypothetical or potential injury" will not suffice. State v. Spikes (1998),129 Ohio App.3d 142, 145. "Consequently, a constitutional challenge to a classification prior to January 1, 2008, pursuant to the Adam Walsh Act amendments is premature." In re W.H. at ¶ 16, citing State v.Horch, 3d Dist. No. 14-07-47, 2008-Ohio-1484, at ¶ 8.
 {¶ 7} However, the Ohio Revised Code provides that once the Ohio Attorney General has provided notice of their new classification under the AWA as required by R.C. 2950.032, individuals serving prison terms for sexually oriented offenses prior to the enactment of the *Page 5 
AWA "may request as a matter of right a court hearing to contest the application to the offender * * * of the new registration requirements under Chapter 2950. of the Revised Code as it will exist under the changes that will be implemented on January 1, 2008." R.C. 2950.032(E).
 {¶ 8} In the case before this Court, Snyder was sentenced on October 22, 2007, and although the judge informed Snyder of what his classification and responsibilities would be under the AWA when it took effect on January 1, 2008, the trial court could only officially classify Snyder as a "sexually oriented offender" under the old enactment of R.C. Chapter 2950. Furthermore, because Snyder could not be classified under the AWA by the trial court, he could not have been injured by the alleged unconstitutional provisions of the AWA. Therefore, Snyder's constitutional arguments in regard to the AWA are "premature" in the case before this Court. Furthermore, because Snyder was not classified under the AWA and he is not appealing a reclassification determination by the Ohio Attorney General, any arguments alleging trial court error as to the application of the AWA are also "premature." Accordingly, Snyder's nine assignments of error are overruled.
 III. {¶ 9} Snyder's nine assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
DONNA J. CARR FOR THE COURT
SLABY, J. WHITMORE, J. CONCUR
[1] Although the trial court specified by journal entry that Snyder was a "Tier III Sexually Oriented Offender[,]" the Adam Walsh Act was not yet in effect, and both parties agreed that prior to its enactment, Snyder would be classified as a sexually oriented offender. *Page 1