JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Timothy Newell ("Newell") appeals the trial court's classifying him as a sexual predator. Finding merit to the appeal, we vacate the sexual predator classification and remand for a new hearing.
 {¶ 2} In 1978, Newell was involved in two separate jury trials. In the first case, he was charged with two counts of kidnapping, three counts of rape, two counts of felonious assault, and two counts of aggravated robbery. The jury found him guilty of both counts of kidnapping, all counts of rape, and one count of aggravated robbery.
 {¶ 3} In the companion case, Newell was indicted for four counts of kidnapping, seventeen counts of rape, four counts of aggravated robbery, one count of felonious assault, one count of gross sexual imposition, and one count of felonious sexual penetration. A motion to suppress the identification testimony of one witness resulted in one count of kidnapping and five counts of rape being nolled. Additionally, a defense motion for acquittal was granted with respect to one count of aggravated robbery. The jury found him guilty of the remaining charges.
 {¶ 4} His convictions were affirmed and modified by this court in State v. Newell (Feb. 14, 1980), Cuyahoga App. Nos. 40334 and 40335. He has served approximately 25 years of his 375-year prison sentence.
 {¶ 5} A sexual predator hearing was initially scheduled for April 17, 2003 on the recommendation of the Ohio Department of Rehabilitation and Corrections, pursuant to R.C. 2950.09(C)(1). Copies of the journal entry were sent to the Sheriff's Department, as indicated in the text of the entry and also as marked on the bottom of the page under "Copies sent to:". The box marked "Defendant" was not checked under "Copies sent to:". There was also no indication on the journal entry that the notice was sent to Newell's attorney, who was appointed in the same entry.
 {¶ 6} On May 23, the trial court continued the sexual predator hearing "at the Defendant's request, due to a referral to the psychiatric clinic. New date is June 26, 2003." Newell then filed an "affidavit of complaint" on or about June 13, alleging that he did not receive actual notice of the sexual predator hearing scheduled for April 17. He indicated that he was advised of the new June 26 hearing date by his appointed counsel, although he was not advised of the time. In Newell's affidavit, he stated that he intended to call witnesses at the hearing and requested that subpoenas be issued to the individuals listed.
 {¶ 7} On June 26, a sexual predator hearing was held. The State was not present, but Newell stipulated that in 1978 he was a sexual predator. The trial court accepted this stipulation and classified him a sexual predator. On July 15, another sexual predator hearing was held, which the State attended. The court recognized that Newell had not stipulated that he is currently a sexual predator and, therefore, a new hearing was scheduled. Newell argued that he did not receive notice of the hearing, as required by statute.
 {¶ 8} At the conclusion of the hearing, the court found Newell to be a sexual predator. This conclusion was based upon the court's conversation with Newell in open court, the documents received from the correctional facility, which included the psychiatric records, and the presentence investigation report.
 {¶ 9} Newell appeals his classification, raising three assignments of error.
 Notice of Sexual Predator Hearing {¶ 10} In his first assignment of error, Newell argues that he was not provided appropriate notice of the sexual predator hearing, a violation of the Ohio and United States Constitutions and R.C. 2950.09.
 {¶ 11} R.C. 2950.09(C)(2)(b) states in relevant part:
"* * * The court shall give the offender and the prosecutorwho prosecuted the offender for the sexually oriented offense * * *notice of the date, time, and location of the hearing."
 {¶ 12} The notice requirement for sexual offender classification hearings is mandatory. State v. Gowdy (1999),88 Ohio St.3d 387, 399, 727 N.E.2d 579, 589. Notice under this statute may be oral or in writing. Id. at 398. The statute further requires that at the hearing the offender shall have an opportunity to testify, present evidence, and call and examine witnesses regarding the determination as to whether the offender is a sexual predator. R.C. 2950.09(B)(2).
 {¶ 13} The record reflects that Newell was aware that a sexual predator hearing was requested as evidenced by his attorney filing a motion to dismiss. There is no evidence in the record that Newell or his attorney received notice of the April 17 hearing. Newell admits that he knew that the hearing was continued to June 26. However, the prosecutor was not present for the June 26 hearing, and a subsequent sexual predator hearing was conducted on July 15. We find no evidence in the record that indicates Newell or his attorney received notice of the July 15 hearing and no entry setting a hearing for July 15.
 {¶ 14} The State argues that all parties received notice of the hearing, as provided by the transcript of the July 15 hearing. However, the transcript also reflects Newell's objection that he did not have notice of the hearing, and thus was unable to properly prepare for the hearing. He stated the following:
"Two weeks ago, your Honor, if the Court will remember, thatdefendant sent an affidavit to the Court explaining to the Courtthat he had witnesses that he wanted to subpoena for thehearing."
 {¶ 15} At that point, the trial court digressed from the notice issue and determined that Newell was a sexual predator, stating as follows:
"The Court: Let us, Mr. Newell, back up for just a second. Itwould seem to me, sir, that you are a sexual predator givenanybody's definition of it. * * * I think by anybody's standards,sir, you would be labeled a sexual predator. * * * And it wouldseem to me that presenting witnesses to mitigate your crime isapatetical [sic] to your desire to convince the State authoritiesto castrate you."
 {¶ 16} The court ignored Newell's objection regarding notice when it made its conclusions. Although the court offered to continue the matter so that Newell could present his evidence, the court nevertheless alluded to its overall conclusion, that it would classify him as a sexual predator:
"The Court: * * * Again, Mr. Newell, I don't wish to deny youyour Constitutional right, but I also don't wish to embark upon auseless hearing.
* * *
The Court: * * * You want to have a hearing? This is what weare going to get into, Mr. Newell. You are going to take thestand and I am going to be asking you these questions. Now if youwant a continuance to prepare to respond to my questions, I willpermit you to do that.
 The Defendant: Well, what I wanted was to give the Court achance to see — I wanted the Court to have a chance to seesomething other than what is on the record. But obviously youhave already told me, you know, that it makes no difference. Youare going to find me a sexual predator.
* * *
The Court: * * * If you want to take the stand, I will swearyou in. Whatever you want to do. But, look, it would seem to methat (t)his is an exercise in futility from the defensestandpoint.
 The Defendant: At this point it is. At this point it is. Andyou have said, you have made it very clear to me, you made itclear to me on the 26th, you have made it clear again, thatyou are going to label me a sexual predator. And that's going tohappen. So let it happen today.
 The Court: Thank you.
 The Defendant: Get it over with.
 The Court: That's fair enough."
 {¶ 17} As the Ohio Supreme Court declared in Gowdy, supra, at 398:
"At a sexual offender classification hearing, decisions aremade regarding classification, registration, and notificationthat will have a profound impact on a defendant's life.Defendants must have notice of the hearing in order to `have anopportunity to testify, present evidence, call and examinewitnesses and expert witnesses, and cross-examine witnesses andexpert witnesses regarding the determination as to whether theoffender is a sexual predator.' R.C. 2950.09(B)(1).
 * * Giving effect to the plain language of the statute, weconclude that the notice provision of R.C. 2950.09(B)(1) demandsstrict compliance. To hold otherwise would make the hearingperfunctory in nature and would deny defendant the rightsguaranteed him under the statute."
 {¶ 18} In the instant case, it appears that the court viewed the July 15 hearing as a mere formality. Regardless of how obvious the result appeared to be to the court, Newell was entitled to have notice of the hearing and an "opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). He was denied this opportunity.
 {¶ 19} Therefore, based on the record before us, we find that Newell did not have adequate notice of the sexual predator hearing and thus was denied his right to present evidence as guaranteed under R.C. 2950.09. Accordingly, his first assignment of error is well taken, and the sexual predator classification is vacated and the case is remanded for a new hearing.
 Ex Post Facto Legislation {¶ 20} In Newell's second assignment of error, he argues that R.C. 2950.01 et seq., as applied to him, violates Article 1, Section 10 of the United States Constitution as ex post facto legislation and violates Article 11, Section 28, of the Ohio Constitution as retroactive legislation. Specifically, he argues that the recently amended version of R.C. 2950.09 imposes ex post facto punishment.
 {¶ 21} The Ohio General Assembly amended R.C. 2950.09 as part of Am.Sub.S.B. No. 5 ("S.B. 5"). The provisions of S.B. 5 became effective on July 31, 2003. The revised version deleted the provision that allowed a sexual predator the opportunity to file a petition to have the classification removed. Instead, R.C.2950.09(D)(2) now provides:
"If an offender who has been convicted of or pleaded guilty toa sexually oriented offense is classified a sexual predatorpursuant to division (A) of this section or has been adjudicateda sexual predator relative to the offense as described indivision (B) or (C) of this section, subject to division (F) ofthis section, the classification or adjudication of the offenderas a sexual predator is permanent and continues in effect untilthe offender's death and in no case shall the classification oradjudication be removed or terminated."
 {¶ 22} In the instant case, the sexual predator classification hearing was held on July 15, 2003, before the effective date of the amendment to R.C. 2950.09. Therefore, the prosecutor at the hearing was correct in referring to Newell's ability to have the classification removed under R.C. 2950.09(D). Even though this amendment may be retroactive, we find that the issue is not properly before us because the trial court's decision to classify Newell was determined under the law in effect at the time of the July 15 hearing. At that time, Newell had the ability to seek removal of the sexual predator classification.
 {¶ 23} Accordingly, Newell's second assignment of error is overruled.
 Sexual Predator Classification {¶ 24} In his third assignment of error, Newell argues that the trial court erred in determining that he was a sexual predator without considering, or placing upon the record any of the relevant factors in R.C. 2950.09(B)(3).
 {¶ 25} Based upon our decision to sustain Newell's first assignment of error and remand for a new hearing, this assignment is moot.
 {¶ 26} The judgment is reversed and the cause is remanded.
Judgment reversed and cause remanded.
Kilbane, J. Concurs.
 Corrigan, A.J. Dissents. See separate dissenting opinion.