OPINION *Page 2 
{¶ 1} Defendant-appellant Charles E. Kershner, Jr. appeals from the April 5, 2006 Judgment Entry of the Ashland County Court of Common Pleas denying his request to rescind and relabel his sexual offender classification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 15, 1995, the Ashland County Grand Jury indicted appellant on three counts of rape in violation of R.C. 2907.02(A)(1)(b), aggravated felonies of the first degree. The victim was less than thirteen (13) years of age. At his arraignment on August 21, 1995, appellant entered a plea of not guilty to the charges.
 {¶ 3} Thereafter, on December 6, 1995, appellant withdraw his former not guilty plea and entered a plea of guilty to one count of rape. The remaining counts were dismissed upon appellee's motion. As memorialized in a Judgment Entry filed on February 2, 1996, appellant was sentenced to not less than five (5) years and not more than twenty-five (25) years in prison.
 {¶ 4} After the enactment of House Bill 180, appellee, on June 1, 1999, filed a motion asking the trial court to schedule a hearing to determine whether appellant was a sexual predator as such term is defined in R.C. 2950.01. A hearing on appellee's motion was held on July 19, 1999. Appellant was present at the same. Pursuant to a Judgment Entry filed on August 4, 1999, the trial court adjudicated appellant a sexual predator under R.C. 2950.09(C).
 {¶ 5} Subsequently, on March 23, 2006, appellant filed a "Formal Request to Rescind and Relabel Sexual Offender Classification" pursuant to R.C. 2950.09(D)(1)(a). *Page 3 
Appellant, in his request, asked that he be reclassified as a sexually oriented offender. Appellee, in its March 28, 2006, response, argued that "R.C. 2950.09(D)(2) mandates that the sexual predator classification is permanent and continuous until the offender's death and in no case shall be removed or terminated." Pursuant to a Judgment Entry filed on April 5, 2006, the trial court denied appellant's request, holding that it lacked jurisdiction to reconsider, reclassify or declassify appellant's status under R.C. Chapter 2950.
 {¶ 6} Appellant now raises the following assignments of error on appeal:
 {¶ 7} "I. COURT ERRED IN NOT RULING OHIO RC 2950.09 AS REWRITTEN BY SB.5 CANNOT BE IMPOSED ON THOSE SENTENCED PRIOR TO ITS ENACTMENT AS DOING SO VIOLATES THE EX POST FACTO CLAUSE OF THE U.S. AND OHIO CONSTITUTIONS.
 {¶ 8} "II. THE COURT ERRED IN NOT ALLOWING APPELLANT A MODEL CLASSIFICATION HEARING AS DEFINED BY THE OHIO SUPREME COURT IN STATE V. EPPINGER, (91 OHIO ST.3D 158, 743 N.E.2D 881 (2201), WHICH APPELLANT WAS DENIED IN THE ORIGINAL 1999 CLASSIFICATION HEARING.
 {¶ 9} "III. COURT ERRED IN NOT RULING OHIO RC 2959.09(B)(2) AND2950.09(D) UNCONSTITUTIONAL AND THUS ALLOWING APPELLANT TO HAVE HIS STATUS AS A SEXUAL PREDATOR REVIEWED AND POSSIBLY CHANGED. THE STATUTE IS UNCONSITUTIONAL [SIC] BECAUSE IT VIOLATES DUE PROCESS AND ACCESS TO THE COURTS UNDER THE 1ST, 5TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1 § 16 OF THE OHIO CONSTITUTION. FURTHERMORE, IT VIOLATES EQUAL PROTECTION OF THE *Page 4 
LAW UNDER THE OHIO CONSTITUTION ARTICLE 1 § 2 AND THE 14TH AMENDMENT OF THE U.S. CONSTITUTION."
 I {¶ 10} Appellant, in his first assignment of error, argues that the trial court erred in holding that R.C. 2950.09, as rewritten by S.B. 5, can be imposed on those sentenced prior to its enactment "as doing so violates the ex post facto clause of the U.S. and Ohio Constitutions." We disagree.
 {¶ 11} R.C. 2950.09 was amended as part of Am. Sub. S.B. No. 5 ("S.B.5"). The provisions of S.B. 5 became effective on July 31, 2003. The revised version of R.C. 2950.09 deleted the provision that allowed a sexual predator, such as appellant, the opportunity to file a petition to have the classification removed. Instead, R.C. 2950.09(D)(2) now provides: "If an offender who has been convicted of or pleaded guilty to a sexually oriented offense is classified a sexual predator pursuant to division (A) of this section or has been adjudicated a sexual predator relative to the offense as described in division (B) or (C) of this section, subject to division (F) of this section, the classification oradjudication of the offender as a sexual predator is permanent andcontinues in effect until the offender's death and in no case shall theclassification or adjudication be removed or terminated." (Emphasis added).
 {¶ 12} Appellant, in the case sub judice, filed his request for reclassification after R.C. 2950.09 was amended by S.B. 5. Both this Court and other courts have applied the version of R.C. 2950.09 that was in effect when the request for reclassification was filed. See, for example, State v. Turner, Richland App. No. 2004-CA-36, 2004-Ohio- *Page 5 
6573 and State v. Newell, Cuyahoga App. No. 83324, 2004-Ohio-1794. Thus, the version that appellant cites is not controlling.[1]
 {¶ 13} Moreover, in State v. Baron, 156 Ohio App.3d 241,2004-Ohio-747, 805 N.E.2d 173, the appellant argued that the enactment of S.B. 5, as it prohibited a sexual predator from applying for reconsideration of that classification at a later time, rendered R.C. Chapter 2950 unconstitutional. In disagreeing with the appellant, the court, in Baron, stated, in relevant part, as follows: "Not only has the Ohio Supreme Court addressed this issue, but the United States Supreme Court recently decided that these types of sexual-offender-registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws, without reference to the ability of the offender to petition for revision of the classification. Smith v.Doe (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164. Therefore, there is no need for this court to revisit this issue. Pursuant to current state and federal case law, R.C. 2950.09 is constitutionally valid and is not violative of the appellant's rights." Id at paragraph 11. See also State v. Ferguson, Cuyahoga App. No. 88450, 2007-Ohio-2777.
 {¶ 14} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 15} Appellant, in his second assignment of error, argues that the trial court erred in not permitting appellant a model sexual predator classification hearing.
 {¶ 16} In the case sub judice, the sexual predator hearing was held on July 19, 1999 and, as memorialized in a Judgment Entry filed on August 4, 1999, the trial court adjudicated appellant a sexual predator. Appellant did not appeal from his classification *Page 6 
as a sexual predator. We find, therefore, that appellant has waived his right to challenge his sexual predator classification now.
 {¶ 17} Appellant's second assignment of error is, therefore, overruled.
 III {¶ 18} Appellant, in his third assignment of error, contends that the trial court erred in not finding R.C. 2950.09[2], as amended by S.B. 5, unconstitutional because it violates due process and denies offenders access to the courts. Appellant also maintains that such statute, as amended by S.B. 5, violates the Equal Protection Clause of the United States Constitution.
 {¶ 19} As is stated above, appellant initially argues that R.C. Section 2950.09 is unconstitutional because it denies offenders such as appellant access to the courts. In accordance with R.C. Chapter 2950, appellant was afforded a full evidentiary hearing to determine whether he should be adjudicated a sexual predator. As noted by appellee, there is no constitutional right to seek a future reconsideration of such adjudication in the courts. Appellant was not denied access to the courts.
 {¶ 20} Appellant further argues that R.C. 2950.09, as amended by S.B. 5, violates the Equal Protection Clause of the United States Constitution. Appellant contends that adult offenders classified as sexual predators pursuant to R.C. Section 2950.09 are treated differently than persons adjudicated sexually violent predators, persons who committed the underlying offense leading to the sexual predator classification in another state, and juveniles who are classified as sexual predators. According to appellant, all of these offenders can seek reconsideration of their classification while he cannot. *Page 7 
 {¶ 21} Contrary to appellant's assertion, sexually violent predators are not permitted, under R.C. 2950.09, to have the trial court reconsider their classification.
 {¶ 22} Appellant further maintains that his right to equal protection under the law is violated since R.C. 2950.09 (F)(2) permits an out-of-state sexual offender who is required to register for life as a sex offender in the state where he was convicted to petition for reclassification. Under R.C. 2950.09 (A), such offenders are automatically classified as sexual predators in Ohio. R.C. 2950.09
(F)(2) allows them to challenge such automatic classification by proving that the registration requirement of the foreign jurisdiction is not substantially similar to Ohio's sexual-predator classification under R.C. Chapter 2950. We find that such right to challenge a classification is clearly distinguishable.
 {¶ 23} As is stated above, appellant also argues that his right to equal protection was also violated because juvenile offenders are permitted to challenge their sexual predator classification while he is not. In regards to juvenile sexually oriented offenders, R.C. 2950.09(D) states, in relevant part, as follows: "A person who has been adjudicated a delinquent child for committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and who has been classified by a juvenile court judge a juvenile offender registrant or, if applicable, additionally has been determined by a juvenile court judge to be a sexual predator or habitual sex offender, may petition the adjudicating court for a reclassification or declassification pursuant to section 2152.85 of the Revised Code."
 {¶ 24} A statutory classification that does not involve a suspect class or a fundamental right does not violate the Equal Protection Clause if it bears a rational *Page 8 
relationship to a legitimate governmental interest. Because sexual predators are not a suspect class[3], we apply a rational-basis test to the statute at issue. Under the rational-basis test, a statutory classification does not offend the Constitution simply because it results in some inequality. Dandridge v. Williams (1970), 397 U.S. 471,501-502, 90 S.Ct. 1153. A statutory classification subject to rational-basis review must be upheld against an equal-protection challenge if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." Fed.Communications Comm. v. Beach Communications, Inc. (1993), 508 U.S. 307,313, 113 S.Ct. 2096. Under the rational basis standard, the state does not bear the burden of proving that some rational basis justifies the challenged legislation; rather, the challenger must negate every conceivable basis before an equal protection challenge will be upheld. See Heller v. Doe by Doe (1993), 509 U.S. 312, 320, 113 S.Ct. 2637.
 {¶ 25} As noted by appellee, there are numerous legitimate reasons for treating juvenile offenders differently than adult offenders. For example, a juvenile offender may be more likely to be rehabilitated than an adult offender. Appellant has failed to meet his burden of negating every conceivable basis for the distinction.
 {¶ 26} Appellant further argues that R.C. 2950.09, as amended by S.B. 5, infringes upon his personal liberties by taking away his right to seek reclassification of his sexual predator adjudication. However, we note that the court, in State v. Woodruff, Cuyahoga App. No. 85026,2005-Ohio-4808, rejected such an argument. The appellant, inWoodruff, had specifically argued that "R.C. 2950.01, et seq., as amended by Senate Bill 5 and applied to Mr. Woodruff violates Article I, Section 1 of the Ohio Constitution *Page 9 
as an unreasonable infringement upon [his] personal liberties." See also State v. Booker, Cuyahoga App. No. 84094,2004-Ohio-6572. The court, in Booker, stated, in relevant part as follows:
 {¶ 27} "Appellant's third assignment of error states: `R.C. 2950.01, et seq., as amended by Senate Bill 5 and applied to Mr. Booker violates Article I, Section I of the Ohio Constitution as an unreasonable infringement upon Mr. Booker's personal liberties.'
 {¶ 28} "Appellant claims that it is unduly oppressive to register as a sexual predator every ninety days for the rest of his life and that such registration interferes with an individual's private rights. We do not find this to be the case.
 {¶ 29} "The Supreme Court of Ohio addressed constitutional issues with respect to H.B. 180 in State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342. Williams held that R.C. 2950 was constitutional, neither violating the prohibitions against double jeopardy, bills of attainder or equal protection under both the federal and state constitutions. The court also determined that R.C. 2950 did not violate a citizen's rights under Section 1, Article I, Ohio Constitution nor did it violate a convicted sex offender's right of privacy. Although it impacted the lives of convicted sex offenders, R.C. 2950 addressed legitimate governmental interests without a detrimental effect on individual constitutional rights. Id.
 {¶ 30} "The United States Supreme Court also determined that the registration requirement for public disclosure of internet registry of sex offenders is based on previous conviction and thus does not violate privacy interest. Connecticut Dept. of *Page 10 Public Safety v. Doe (2003), 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98. Therefore, we find appellant's claim to be without merit." Id at paragraphs 26-29.
 {¶ 31} Finally, while appellant contends that R.C. 2950.09, as amended by S.B. 5, denies him due process, we disagree. In the case sub judice, the trial court held an evidentiary hearing before adjudicating appellant a sexual predator. Appellant was present at the hearing and had the opportunity to be heard. Moreover, while appellant contends that his adjudication as a sexual predator years before his release from prison violates due process because it does not provide him with a meaningful time for the determination to be made, this Court has rejected appellant's argument that the sexual predator hearing should be held immediately prior to release from prison. See, for example,State v. Dunwoody (Aug. 30, 1999), Perry App. No. CA-97-65,1999 WL 770708 unreported, in which this Court held that "it does not appear the statute (R.C. 2950.09) contemplates or requires the court hold the hearing near the date of release of the offender." *Page 11 
 {¶ 32} Appellant's third assignment of error is, therefore, overruled.
 {¶ 33} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.
 Edwards, J. Gwin, P.J. and Hoffman, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The court, in State v. Pasqua, 157 Ohio App.3d 427,2004-Ohio-2992, 811 N.E.2d 601, held that the amended version of R.C.2950.09 did not apply retroactively.
[2] Appellant specifically refers to R.C. 2950.09(B)(2) and2950.09(D)(2).
[3] See State v. Lockney, Trumbull App. No 2002-T-0107, 2004-Ohio-1846
and State v. Snyder, 155 Ohio App.3d 453, 2003-Ohio-6399,801 N.E.2d 876. See also State v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428,728 N.E.2d 342. *Page 1