DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment of the Lucas County Court of Common Pleas, which denied appellant's petition to reclassify his sexual predator status. *Page 2 
Because we conclude that the trial court did not err in denying appellant's petition, we affirm.
 {¶ 2} In 1993, appellant, Kimberly Carter, pled guilty to sexual battery, a violation of R.C. 2907.03(A)(5) and a felony of the third degree. He was sentenced to a prison term of four to ten years. In November 1997, he was classified as a sexual predator, pursuant to former R.C. 2950.09. On September 6, 2006, appellant filed a petition under former R.C. 2950.09, to reclassify his sexual predator status. The court denied appellant's petition on the grounds that R.C. 2950.09, as amended in 2003, no longer provides for reclassification of sexual predators.
 {¶ 3} Appellant now appeals from that judgment, arguing the following assignment of error on appeal:
 {¶ 4} "The trial court erred to the prejudice of appellant by denying his petition on the basis of a change in R.C. 2950.09, as the version of the statute in effect at the time of appellant's adjudication as a sexual predator accorded to him the right to have his adjudication revisited; accordingly, the court's ruling is in violation of R.C. 1.58(A)."
 {¶ 5} R.C. 1.58 prohibits amendment of a statute from affecting any "cure", "right" or "privilege", or any "penalty, forfeiture, or punishment." Sex offender registration has been deemed to be remedial rather than punitive. State v. Cook (1998), 83 Ohio St.3d 404, 411. Therefore, we will now determine whether amended R.C. 2950.09 affected a right or privilege.
 {¶ 6} R.C. 2950.09(D) formerly stated that: *Page 3 
 {¶ 7} "[A]n offender who has been convicted of or pleaded guilty to a sexually oriented offense and who has been adjudicated as being a sexual predator relative to the sexually oriented offense * * * may petition the judge who made the determination that the offender was a sexual predator, or that judge's successor in office, to enter a determination that the offender no longer is a sexual predator. Upon the filing of the petition, the judge may review the prior sexual predator determination that comprises the sexual predator adjudication, and, upon consideration of all relevant evidence and information * * * either shall enter a determination that the offender no longer is a sexual predator or shall enter an order denying the petition." (Emphasis added.)
 {¶ 8} In 2003, this section was amended and now provides:
 {¶ 9} "If an offender who has been convicted of or pleaded guilty to a sexually oriented offense is classified as a sexual predator pursuant to division (A) of this section or has been adjudicated a sexual predator relative to the offense as described in division (B) or (C) of this section, subject to division (F) of this section, the classification or adjudication of the offender as a sexual predator is permanent and continues in effect until the offender's death and in no case shall the classification or adjudication be removed or terminated." R.C.2950.09(D)(2).
 {¶ 10} In this case, appellant argues that the former version of R.C.2950.09 granted the right both to petition the court and to have a reclassification hearing and that R.C. 1.58(A) prevents those rights from being abrogated by the amendment of the *Page 4 
statute.[1] Our search has revealed no previous appeals of this statute which were predicated upon a violation of an offender's "right to petition" to have the initial classification changed. Therefore, we will review appellant's appeal as a case of first impression.
 {¶ 11} Basic statutory construction and interpretation principles provide that the word "shall" is usually interpreted to make the provision in which it is contained mandatory. See Dorrian v. SciotoConservancy Dist. (1971), 27 Ohio St.2d 102, 107. The use of the word "may," however, is generally construed to mean that the act indicated is "optional, permissive, or discretionary," Id., citing Dennison v.Dennison (1956), 165 Ohio St. 146. This general interpretation applies unless something in the language or in the sense or policy of the provision requires an unusual interpretation. See State ex rel. JohnTague Post, No. 188, American Legion v. Klingler (1926),114 Ohio St. 212, 214. See also, State v. Campbell (Apr. 26, 1999), 5th App. Dist. No. CT98-0037 (use of "shall" within context, indicates discretionary application).
 {¶ 12} In this case, the former R.C. 2950.09(D) provides that the "judge may review the prior sexual predator determination * * *." Based upon this specific statutory language, we interpret the former version of the statute to be permissive and discretionary, rather than mandatory. Thus, although the former statutory section *Page 5 
permitted an offender to file a petition requesting court review, the initial decision whether to review the petition remained discretionary with the court. Moreover, that decision would have been subject only to reversal on appeal upon an abuse of that discretion. SeeCampbell, supra. "An abuse of discretion connotes more than an error in judgment or law; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 13} In addition, nothing in the statute required a hearing or codified a protected constitutional right. Rather, if the court chose to review an offender's petition, it was to consider "all relevant evidence and information" before determining its decision "by clear and convincing evidence" regarding whether the offender was "unlikely to commit a sexually oriented offense in the future." See former R.C.2950.09(D)(1). Since the Ohio legislature later decided that an offender's sexual predator classification is not subject to revision, the judiciary has no power to re-instate what was formerly only a discretionary action. We conclude, therefore, that since appellant had no absolute right to file a petition or to have a hearing at the time of his adjudication as a sexual predator, the trial court did not err in denying his petition.
 {¶ 14} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 15} The judgment of the Lucas County Court of Common Pleas is affirmed.
 {¶ 16} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing to appeal is awarded to Lucas County. *Page 6 
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur.
[1] Appellant does not argue, as in other prior appeals of the amended statute, that his initial classification constitutes a violation of his rights under the ex post facto clause of Section 10, Article I of the U.S. Constitution or Section 28, Art. II of the Ohio Constitution. SeeState v. Kershner, 5th Dist. No. 06-COA-015, 2007-Ohio-5527 andState v. Turner, 5th Dist. No. 2004-CA-36, 2004-Ohio-6573. *Page 1