OPINION *Page 2 
{¶ 1} The defendant-appellant, Steven L. Horch, appeals the judgment of the Union County Common Pleas Court denying his petition for sexual offender reclassification and motion for relief from judgment. On appeal, Horch contends that the trial court erred when it determined he had agreed to a sexual predator classification when his original sentence was reversed and remanded; that the trial court erred when it determined that Senate Bill 10, known as the Walsh Act, was constitutional; and that the trial court erred by finding that R.C. 1.58
did not allow him the right to seek reclassification of his sexual offender status. For the reasons set forth herein, the judgment of the trial court is affirmed.
 {¶ 2} On April 3, 2003, the Union County Grand Jury indicted Horch on one count of complicity to rape, a violation of R.C. 2923.03(A)(1) and2907.02(A)(1)(b), a first-degree felony; one count of pandering obscenity involving a minor, a violation of R.C. 2907.32.1(A)(1), a second-degree felony; one count of pandering obscenity involving a minor, a violation of R.C. 2907.32.1(A)(3), a second-degree felony; one count of pandering obscenity involving a minor, a violation of R.C. 2907.32.1(A)(5), a fourth-degree felony; one count of pandering sexually oriented matter involving a minor, a violation of R.C. 2907.32.2(A)(1), a second-degree felony; one count of pandering sexually oriented matter involving a minor, a violation of R.C. 2907.32.2(A)(3), a second-degree *Page 3 
felony; one count of pandering sexually oriented matter involving a minor, a violation of R.C. 2907.32.2(A)(5), a fourth-degree felony; and three counts of rape, violations of R.C. 2907.02(A)(1)(b), first-degree felonies. Horch pled not guilty at arraignment, and the indictment was subsequently amended to change the rape charges to aggravated felonies of the first degree.
 {¶ 3} The state eventually dismissed two of the rape charges, and the case proceeded to jury trial. On July 2, 2003, the jury found Horch not guilty of rape, but guilty on each of the remaining charges. The trial court filed its judgment entry on July 7, 2003, indicating that it had held a sexual predator classification hearing and a sentencing hearing. Horch was classified as a sexual predator and ordered to serve an aggregate sentence of 27.5 years in prison. Horch appealed, challenging the convictions and sentence, but not the sexual predator classification. On March 29, 2004, this Court affirmed Horch's convictions, but reversed his sentence because several of the factors found by the trial court in imposing maximum, consecutive sentences were not supported by the record and because the court had failed to give its reasons for imposing maximum, consecutive sentences. State v.Horch, 3rd Dist. No. 14-03-27, 2004-Ohio-1509.
 {¶ 4} On June 15, 2005, the parties filed a document captioned "Agreed Proposed Sentence." Horch agreed to withdraw a previously filed petition for post-conviction relief, and the state agreed to recommend an aggregate prison term *Page 4 
of ten years with six years suspended. The trial court adopted the parties' agreed sentencing recommendation on October 17, 2005, and restated the sexual predator classification and reporting requirements while indicating that Horch had been previously classified as a sexual predator.
 {¶ 5} On April 12, 2007, Horch filed a petition for sexual offender reclassification and a motion for relief from judgment. In support of his petition, Horch argued he was denied due process because he never received a sexual predator classification hearing as required by statute. Horch asserted that following the trial court's dismissal of the jury after his trial, the court simply stated that due to the nature of the crimes, Horch was a sexual predator. Horch claimed that the court was required to apply the version of R.C. 2950.09 in effect on July 7, 2003, (the date of his original sentencing) and that version of the statute permitted him to file a petition for reclassification. Horch's Civ.R. 60(B)(5) motion was based on the trial court's alleged failure to hold a sexual predator classification hearing. The state filed its memorandum in opposition on April 30, 2007, arguing that Horch had been sentenced in June 2005, and therefore, a subsequent version of R.C.2950.09, which did not allow for a reclassification hearing, controlled.
 {¶ 6} On October 24, 2007, the trial court filed its judgment entry denying Horch's petition and motion. The court determined that Horch could have raised *Page 5 
the court's failure to hold a sexual predator classification hearing on direct appeal, and therefore, the issue was barred by the doctrine of res judicata. The court stated that it considered the parties' agreed sentence to be binding, and since this Court had remanded based only on the sentence, the sexual predator classification was binding as well. The court held that it was required to apply the version of R.C. 2950.09
in effect at the time of the re-sentencing, and that version of the statute did not allow for a reclassification hearing. Apparently in response to arguments made by Horch at hearing, the court also pointed out that Senate Bill 10, known as the Walsh Act, was constitutional and rendered any reclassification unproductive since Horch would be reclassified based on the new tier system. Horch appeals the judgment of the trial court, raising three assignments of error for our review.
 First Assignment of Error The court erred when it found that the lifetime classification of Appellant as a sexual predator was agreed to upon re-sentencing, thereby prohibiting Appellant from seeking reclassification of his sexual offender status pursuant to the statute in effect at the time of his original sentencing.
 Second Assignment of Error The court erred when rejecting Appellant's claim that the new statute addressing sexual offender classification, passed as Ohio Amended Senate Bill 10, and known as the "Walsh Act," is unconstitutional as violative of the separation of power provisions and the retroactivity clause of the state constitution, of the double jeopardy clauses of the state and federal *Page 6 constitutions, and ex post facto prohibitions of the federal constitution.
 Third Assignment of Error The court erred when finding that § 1.58 O.R.C. did not give Appellant the right to seek reclassification of his sexual offender status.
 {¶ 7} For ease of analysis, we elect to address Horch's assignments of error out of order, beginning with the second assignment of error. In support of the second assignment of error, Horch contends that R.C.2950.031 is unconstitutional for several reasons. Horch argues the statute requires the Attorney General to reclassify previously classified sexual offenders under a new three-tiered system. Horch asserts that the new statute is punitive because the appropriate tier is determined based solely on the offender's convictions rather than on other considerations, which is why the prior versions of the statute could be considered remedial. As such, Horch contends that the statute adds to his penalty and violates the double jeopardy clause. Horch also argues that the statute violates the retroactivity clause and the ex post facto clause because it affects offenders who were classified before the new law became effective. Finally, Horch claims that the new statute violates the separation of powers doctrine because it requires the Attorney General to act in a judicial or quasi-judicial manner. *Page 7 
 {¶ 8} We note that Horch did not raise any of these issues in his petition for reclassification. More importantly, at the time the trial court rendered its decision, portions of R.C. 2950.031 and 2950.032 were not yet effective. Although we presume that Horch has received a notification from the Attorney General's office concerning his reclassification pursuant to R.C. 2950.031, for purposes of this appeal, Horch has not suffered any injury as a result of the new legislation. Therefore, the constitutional questions raised by Horch are premature. See generally State v. Johns, 3rd Dist. Nos. 13-04-23, 13-04-24, 13-04-25, 2005-Ohio-1694, at ¶ 32, quoting State v. Spikes (1998), 129 Ohio App.3d 142, 145, 717 N.E.2d 386 ("`Concrete injury in fact' must be established to have standing to mount a constitutional challenge. Moreover, it is also well established that constitutional questions are not ripe for review until the necessity for a decision arises on the record before the court."). Additionally, Horch has not filed a petition to challenge the new classification and registration requirements as contemplated by the statute. See R.C. 2950.031(E). The second assignment of error is overruled.
 {¶ 9} In the first assignment of error, Horch states, "by operation of law Appellant was deemed to have waived any error on this issue" due to his failure to raise the alleged error on direct appeal. However, he goes on to argue, "[n]owhere in the Sentencing Agreement, nor in the Judgment Entry on Sentence, did *Page 8 
Appellant waive any rights he had at the time of the original sentence to take advantage of the law regarding sex offender classification that was in effect at the time of the original sentencing."
 {¶ 10} Criminal defendants are barred from relitigating any issues, including due process violations, which were or could have been raised on direct appeal. State v. Jones, 3rd Dist. No. 4-07-02, 2007-Ohio-5624, at ¶ 34-35, citing State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104; State v. Byrd, 3rd Dist. Nos. 4-05-17 and 4-05-18, 2005-Ohio-5613. Horch filed a direct appeal in this case, raising issues related only to his convictions and his stated prison sentence. Horch's direct appeal did not address any alleged error regarding trial court's failure to hold a sexual predator classification hearing. Therefore, that issue is barred and the first assignment of error is overruled.
 {¶ 11} In the third assignment of error, Horch contends that the version of R.C. 2950.09 in effect on July 7, 2003 allowed sexual predators the ability to seek reclassification. Relying on R.C. 1.58, Horch argues that the court must apply the version of the statute in effect at the time he was sentenced rather than the amended version, which was effective on July 31, 2003, and eliminated the ability to seek a reclassification hearing. *Page 9 
 {¶ 12} Horch's argument raises a question of first impression in this district. However, several other appellate districts have addressed the issue. The version of R.C. 2950.09(D) in effect on July 7, 2003, stated:
 [A]n offender who has been convicted of or pleaded guilty to a sexually oriented offense and who has been adjudicated as being a sexual predator relative to the sexually oriented offense * * * may petition the judge who made the determination that the offender was a sexual predator, or that judge's successor in office, to enter a determination that the offender no longer is a sexual predator. Upon the filing of the petition, the judge may review the prior sexual predator determination that comprises the sexual predator adjudication, and, upon consideration of all relevant evidence and information * * * either shall enter a determination that the offender no longer is a sexual predator or shall enter an order denying the petition.
Effective July 31, 2003, the statute was amended to read:
 If an offender who has been convicted of or pleaded guilty to a sexually oriented offense is classified as a sexual predator pursuant to division (A) of this section or has been adjudicated a sexual predator relative to the offense as described in division (B) or (C) of this section, subject to division (F) of this section, the classification or adjudication of the offender as a sexual predator is permanent and continues in effect until the offender's death and in no case shall the classification or adjudication be removed or terminated.
 {¶ 13} The Fifth Appellate District has considered a similar argument and has determined that the court was to apply the statute in effect when the petition was filed. State v. Kershner, 5th Dist. No. 06-COA-015, 2007-Ohio-5527, at ¶ 12, citing State v. Turner, 5th Dist. No. 2004-CA-36, 2004-Ohio-6573, State v.Newell, 8th Dist. No. 83324, 2004-Ohio-1794. We agree with the Fifth and Eighth *Page 10 
Appellate Districts. Therefore, Horch would be unable to request a reclassification hearing because he filed his petition after the amended statute became effective on July 31, 2003.
 {¶ 14} We also note the Sixth Appellate District's decision inState v. Carter, 6th Dist. No. L-07-1088, 2007-Ohio-6359. In that case, the court held that the prior version of R.C. 2950.09(D) was a permissive statute rather than a mandatory statute, as evidenced by the General Assembly's clear and unambiguous use of the word "may" rather than "shall." The court stated that the prior version of the statute permitted an offender to file a petition, but "the initial decision whether to review the petition remained discretionary with the court[,]" and the court's determination would be subject to reversal only if the court abused its discretion. Carter, at ¶ 12, citingState v. Campbell (Apr. 26, 1999), 5th Dist. No. CT98-0037. The court went on to state:
 In addition, nothing in the statute required a hearing or codified a protected constitutional right. Rather, if the court chose to review an offender's petition, it was to consider "all relevant evidence and information" before determining its decision "by clear and convincing evidence" regarding whether the offender was "unlikely to commit a sexually oriented offense in the future." See former R.C. 2950.09(D)(1). Since the Ohio legislature later decided that an offender's sexual predator classification is not subject to revision, the judiciary has no power to re-instate what was formerly only a discretionary action. We conclude, therefore, that since appellant had no absolute right to file a petition or to have a hearing at the time of his adjudication as a sexual predator, the trial court did not err in denying his petition. *Page 11 
Id., at ¶ 13. Even if the prior version of R.C. 2950.09(D) were applicable to Horch's case, the trial court's decision to review his petition would have been discretionary. Were we to follow the Sixth District's holding, the most Horch would be entitled to would be a discretionary review of his petition. We note that Horch's petition was devoid of any factual information which would have led the court to believe, or at least inquire into, Horch's unlikelihood of reoffending. The third assignment of error is overruled.
{¶ l5} The judgment of the Union County Common Pleas Court is affirmed.
Judgment affirmed.
 PRESTON and ROGERS, J.J., concur *Page 1