DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas, wherein appellant, James Dombrosky, pled guilty to: (1) Count 1-gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree; (2) Count 3-disseminating matter harmful to juveniles with a specification *Page 2 
that he compelled his victim to submit by force or threat of force in violation of R.C. 2907.31(A)(1), a felony of the fourth degree; and (3) Count 4-voyeurism, in violation of R.C. 2907.08, a misdemeanor of the third degree.
 {¶ 2} On November 21, 2007, the court sentenced appellant to serve concurrent terms of three years on Count 1, seventeen months on Count 3, and sixty days on Count 4. The court classified appellant as a sexually oriented offender for purposes of sex offender registration and notification in accordance with R.C. Chapter 2950 in effect at the time of sentencing. For the reason set forth below, this court affirms the judgment of the trial court.
 {¶ 3} Appellant filed a notice of appeal on December 19, 2007. Appellant asserts the following sole assignment of error:
 {¶ 4} "REVISED CODE 2950 et seq., AS AMENDED BY SB 10 [sic] IS UNCONSTITUTIONAL."
 {¶ 5} In his sole assignment of error, appellant challenges the constitutionality of Senate Bill 10 ("S.B. 10"). However, at the time of appellant's sentencing and classification hearing, S.B. 10, which amends Ohio's sex offender classification and registration laws as set forth in R.C. Chapter 2950, was not yet in effect. The effective date of S.B. 10 was January 1, 2008. The trial court's sentencing judgment entry reflects that appellant was classified as a sexually oriented offender under the version of R.C. Chapter 2950 in effect at that time, to be reviewed by the Ohio Department of *Page 3 
Rehabilitation and Corrections after January 1, 2008. It is from that judgment that appellant appealed.
 {¶ 6} This court has declined to review the merits of constitutional challenges to S.B. 10 brought by offenders classified under R.C. Chapter 2950 prior to January 1, 2008. See State v. Taft, 6th Dist. No. WD-07-059, 2008-Ohio-5790, ¶ 6, citing State v. Horch, 3d Dist. No. 15-07-47, 2008-Ohio-1484, ¶ 8. In Taft, we determined that the constitutional challenges were premature because the appellant in that case had not yet suffered any injury under S.B. 10. Id. at ¶ 6 and 7 (citations omitted). As in Taft, appellant fails to offer any evidence of injury due to S.B. 10; therefore, his constitutional challenges to that statute are premature. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 7} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 4 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1